**PRODUCTION STEEL COMPANY OF ILLINOIS, Plaintiff,**

v.

**SS FRANCOIS L. D., her engines, boilers, etc. and SS PARKDALE, her engines, boilers, etc.,**

**and**

**Louis Dreyfus & Cie., Federal Commerce & Navigation Company, Westdale Shipping, Ltd. and Redwood Enterprises, Ltd., as joint owners of the SS Parkdale, Defendants.**

No. 67 Civ. 525.

United States District Court

S. D. New York.

Dec. 31, 1968.

Bigham, Englar, Jones & Houston, New York City, for plaintiff, F. Herbert Prem, New York City, of counsel.

Healy & Baillie, New York City, for defendant, Louis Dreyfus & Cie., Richard T. O'Connell, New York City, of counsel.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for defendant, Federal Commerce & Navigation Co., Donald B. Allen, New York City, of counsel.

MANSFIELD, District Judge.

In this suit by the purchaser of steel shipped from Wales, U.K., to Chicago against owners and charterers of ships for damages to the shipment in transit, defendant Federal Commerce & Navigation Company ("Federal" herein), dispo-

nent of one of the ships, the S.S. Francois, moves pursuant to 9 U.S.C. § 3 to stay trial with respect to it on the ground that plaintiff's claim against it is subject to arbitration. For the reasons stated below, the motion is denied.

The shipment of steel was loaded at Wales on the Francois on October 29, 1965 for shipment to plaintiff, or its subsidiary. At that time the ship was under charter from Federal to the Jordan International Co. of New Haven, Conn. ("Jordan"), not a party to this suit, pursuant to a Uniform General Charter agreement dated November 2, 1964, not actually signed by Jordan, which contained the following arbitration clause:

> "Should any dispute arise between the Owners and the Charterers, the matter in dispute shall be referred to three persons in New York, one to be appointed by each of the parties hereto, and the third by the two so chosen, their decision or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be commercial men."

Upon loading of the cargo a bill of lading was issued by the carrier, bearing the following clause:

"SUBJECT TO ALL TERMS, CONDITIONS AND EXCEPTIONS OF CHARTER PARTY DATED 2nd, NOVEMBER 1964 AT NEW YORK." The goods were transshipped at Montreal via another ship, the S.S. Parkdale, owned by co-defendants Westdale Shipping Ltd. and Redwood Enterprises Ltd. Plaintiff, the consignee and purchaser of the goods, claims that upon arrival of the goods in Chicago in December 1965 they were damaged, and instituted the present libel against both ships, their owners, and Federal. Federal pleaded the above-quoted arbitration clause as an affirmative defense and now seeks a stay on the ground that the quoted clause in the bill of lading had the effect of binding the plaintiff to arbitrate.

The fatal difficulty with Federal's contention, which requires that it be rejected, is its failure to recognize that the charter party contract and the bill of lading are two separate and distinct integrated contracts, and that the mere statement in the bill of lading that it was "Subject to all terms, conditions of" the charter party contract even if it be treated as an incorporation by reference (which is doubtful), could not have the effect of obligating plaintiff to perform the obligations of the parties to the charter party. The obligations of plaintiff and the carrier are prescribed in the detailed provisions of the bill of lading. Plaintiff was not a party to the charter party contract, which (assuming it was effective even though unsigned by Jordan) contained numerous promises on the part of the parties thereto (Federal and Jordan) that were personal to them and not assumed by plaintiff (e. g., payment of freight for charter of the ship, options to cancel, laydays, demurrage charges, expenses related to loading and discharge, etc.).

The purpose of the above-quoted clause in the bill of lading was not to impose upon plaintiff the obligations and rights of the parties to the charter party but to insure that the shipper and consignee would assume whatever risks or losses might be sustained by them as a result of the exercise by Federal and Jordan of their rights under the terms of the charter party. The arbitration clause, as its terms expressly and unequivocally provide, was limited to the parties to the charter party, Jordan and Federal, and to arbitration of any disputes that might arise between "the Owners" (Federal) and "the Charterers" (Jordan), not to disputes with third parties, such as the shipper or consignee of goods. Plaintiff is neither an Owner nor a Charterer of the ship and the dispute it presents is not one "between the Owners and Charterers." Federal's attempt to

expand the arbitration clause beyond its plain meaning not only violates fundamental contract principles but ignores the plain and limited language used by the parties. As Judge Weinfeld stated in Lowry & Co., Inc. v. S. S. Le Moyne D'Iberville, 253 F.Supp. 396 (S.D.N.Y. 1966), appeal dismissed, 372 F.2d 123 (2d Cir. 1967):

"It is true that a charter party provision for arbitration of disputes which is restricted to the immediate parties or limited to disputes 'between the * * * Owners and the Charterers,' * * * does not bind any but the named persons." (253 F. Supp. at 398)

Having concluded that plaintiff was not a party to the arbitration clause in the charter party contract and therefore not bound to arbitrate the claim presented here, we need not consider the other grounds urged in opposition to arbitration, including the effect of Jordan's failure to sign the charter party agreement, other than to note that our failure to pass upon these questions should not be taken as an adoption of the views urged by Federal.

The motion is denied.

So ordered.