UNITED STATES BARITE
CORPORATION, Plaintiff,

v.

M. V. HARIS, her engines, boilers, etc.,
and Diakan Grace, S.A., Defendants.

No. 81 Civ. 1289 (KTD)

United States District Court,
S. D. New York.

Feb. 19, 1982.

Donovan, Maloof, Walsh & Kennedy,
New York City, for plaintiff; David L.
Maloof, James F. Sweeney, New York City,
of counsel.

Hill, Rivkins, Carey, Loesberg O'Brien & Mulroy, New York City, for defendants; Donald B. Allen, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

The action underlying the instant motion to compel arbitration was brought by United States Barite Corporation ["Barite"] to recover damages for the alleged destruction of a cargo of oil drilling lubricant which it shipped from Sicily to Mexico on the M.V. HARIS, the defendant's vessel.

Defendant Diakan Grace, S.A. ["Grace"], the owner of the vessel, moves to stay this action pending arbitration pursuant to 9 U.S.C. § 3, which provides:

If any suit or proceeding be brought in any of the Courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the Court in which such suit is pending upon being satisfied that the issue in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

Barite is a subsidiary of Young Interests, Inc. ["Young"]. Young entered a charter party with Grace (Defendant's Exh. A, Cl.36) whereby any dispute arising between charterer and owner must be submitted to arbitration. Barite, which shipped the damaged lubricant aboard the chartered vessel, contends that it is not bound by the charter party's arbitration clause because it is a separate corporate entity from Young and not a party to the charter.

The defendant argues that the bill of lading (Defendant's Exh. B), which names Barite as the notify addressee, incorporates by reference the arbitration clause found in the charter party. Moreover, asserts defendant, Barite, as a fully controlled subsidiary of Young, is the real party in interest and bound by the charter party arbitration clause, notwithstanding its separate corporate form.

Alternatively, the defendant seeks the dismissal of this suit pursuant to 28 U.S.C. § 1404 based on the doctrine of *forum non conveniens.* For the reasons stated below the defendant's motion is denied in its entirety.

### 1. *Arbitration*

Clause 36 of the charter party provides that arbitration is binding "Should any dispute arise between Owners and Charterers." Third parties have been held not to be bound by identical clauses. *Import Export Steel Corp. v. Mississippi Valley Barge Line,* 351 F.2d 503 (2d Cir. 1965); *Production Steel v. S.S. Francois L.D.,* 294 F.Supp. 200 (S.D.N.Y.1968). Defendant seeks to demonstrate that Barite is a fully controlled instrumentality of Young and therefore bound by the terms of the charter party. Counsel for the defendant augments this contention by noting that Barite and Young share the same office suite. Moreover, defendant produced a letter from a Young vice president dated January 18 which asserts that there exists a claim against the vessel owner. This arguably evidences Young's primary ownership interest in the cargo. Similarly, the same vice president allegedly exerted dominion over the cargo by directing the ship's master to discharge the damaged cargo at sea (Exh. C & D) and by appointing a Lloyd's surveyor to protect Young's interests.

To pierce the corporate veil as defendant insists, there must be evidence in the record to support a conclusion that the Barite corporate form was used by Young for a fraudulent end. Failing that, the record must show ample evidence that Barite has been so completely dominated by Young and its separate identity so disregarded, that Barite primarily transacted Young's business rather than its own and can be called Young's "alter ego." *See Kirno Hill Corp. v. Holt,* 618 F.2d 982 (2d Cir. 1980); *Gartner v. Snyder,* 607 F.2d 582, at 586 (2d Cir. 1979).

■ Superficial indicia such as common offices and telephone numbers between corporate entities is not enough to show that one corporation is an alter ego of another. *See Coastal States Trading, Inc. v. Zenith Navigation, S.A.*, 446 F.Supp. 330 (S.D.N.Y. 1977). More important are such factors as the degree of overlap of personnel, the amount of business discretion displayed by the alleged puppet corporation and whether the two entities deal with each other at arms length. *See Fisser v. International Bank*, 282 F.2d 231 (2d Cir. 1960); *Coastal Trading, Inc. v. Zenith Navigation, S.A.*, supra. In *Coastal Trading*, a case very similar to the one at bar, the court also looked at whether the entity was an independent profit center maintaining separate bank accounts, books and records. In *Coastal Trading*, the court found that the defendant had failed in its burden of proving that the plaintiff corporation was an alter ego of another corporation which signed the charter party with the defendant. This finding was made despite the fact that the signatory corporation's sole function was to provide shipping services to other subsidiaries of the plaintiff.

■ The evidence adduced in the instant proceeding fails to approach the requisite standard for ignoring the corporate form. It is not enough to argue, as defendant does here, that the January 18 letter from Young's vice president making claim on the ship master demonstrated that Young was the real party in interest. That letter simply indicates that Young sought indemnification from defendant for any losses for which Young was held liable. Nor is it sufficient for the defendant to produce a communication from Young to the ship master arranging for disposal of the damaged cargo. As the charter party was due to expire, the charterer had to give disposal instructions or face continuing liability for charter hire. In so doing, Young was protecting its interest as voyage charterer, and not necessarily acting on behalf of Barite.

■ The defendant argues alternatively that the arbitration clause of the charter party is incorporated by reference into the bill of lading, thereby causing Barite to become subject to the arbitration clause. The bill of lading issued by the defendant and signed by the master of the M.V. HARIS reads:

(1) all terms and conditions, liberties, and exceptions of the charter party, dated as overleaf, are herewith incorporated.

The clause on the overleaf reads:

Freight payable as per Charter-party dated _____.

The date of the charter party was left blank, therefore, there was insufficient notice as to the identity of the charter party to be incorporated in the bill of lading for the incorporation clause to be binding.

In *Demsey & Associates, Inc. v. S.S. Sea Star*, 321 F.Supp. 663 (S.D.N.Y.1970), *rev'd on other grounds*, 461 F.2d 1009 (2d Cir. 1972), the court held that the plaintiffs, as purchasers of a clean on-board bill of lading, were not bound by the terms of the pertinent time or voyage charter parties because the incorporation clause was not triggered. The bill of lading language in that case was as follows:

. . . freight at the rate of (    ) as per charter party _____.

This is virtually identical to the instant clause, particularly with respect to the lack of any language identifying the charter party.

Defendant cites *Import Export Steel Corp. v. Mississippi Barge Line*, 351 F.2d 503 (2d Cir. 1965), for the proposition that charter parties can be validly incorporated into bills of lading. The clause in *Import Export*, however, was complete, unlike the one at bar, and provided the requisite notice of the operation of the clause and the identity of the relevant charter. The same distinction can be made relative to the clause in *Son Shipping Co. v. DeFosse & Tanghe*, 199 F.2d 687 (2d Cir. 1952), another case cited by defendant, where the relevant clause included the date of the relevant charter and the parties to the charter.

2. *Forum Non Conveniens*

■ The defendant's motion under 28 U.S.C. § 1404 is also denied. A plaintiff's

choice of forum is entitled to great weight and will not be disturbed except upon a clear-cut showing by defendant that convenience and justice for all parties demands that the litigation proceed elsewhere. *Piper Aircraft Co. v. Reyno,* —— U.S. ——, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

█ The bulk of the relevant materials in this case are already present in the Southern District, ready for arbitration as stipulated to in the charter party. Also, three key witnesses reside in the United States and are subject to process in New York. As a result, neither the parties nor this court will be any less burdened by a suit here rather than Mexico or elsewhere. *Argyll Shipping Co. v. Hanover Ins. Co.,* 297 F.Supp. 125 (S.D.N.Y.1968).

Accordingly, the motion to dismiss is denied in all respects.

SO ORDERED.