**Arthur R. UDDYBACK, Plaintiff,**

v.

**NEW JERSEY TRANSIT RAIL OPERATIONS, Defendant.**

**No. 85 Civ. 8792 (LLS).**

United States District Court, S.D. New York.

March 11, 1986.

Elkind, Flynn & Maurer, P.C., New York City (Ira M. Maurer, of counsel), for plaintiff.

Irwin I. Kimmelman, Atty. Gen. of New Jersey, Div. of Law, Trenton, N.J. (Stephen M. Schwartz, Deputy Atty. Gen., of counsel), for defendant.

## MEMORANDUM OPINION

STANTON, District Judge.

Defendant New Jersey Transit Rail Operations seeks an order transferring venue of this FELA (45 U.S.C. § 51 *et seq.*) action to the United States District Court, District of New Jersey, pursuant to 28 U.S.C. § 1404(a). For the reasons stated hereafter, defendant's motion is granted.

Briefly, the following facts appear from the motion papers: Plaintiff, who lives in Newark, New Jersey and is employed by New Jersey Transit Rail Operations, was injured on October 31, 1985 at a signal stanchion in South Orange, New Jersey. He was taken to St. Barnabas Hospital, Burn Unit in Livingston, New Jersey and treated by medical personnel whose offices are in New Jersey. Defendant lists 15 persons with knowledge of the circumstances, all of whom are located in New Jersey, and plaintiff concedes that "all witnesses, records and the site of the accident" are in New Jersey. The connections with New York are that plaintiff has recently come under the treatment of two physicians in New York City, and has retained New York City counsel.

Plaintiff offers to videotape the testimony of the New Jersey medical personnel to save their travel to the court here, but it appears equally feasible to videotape the testimony of plaintiff's present physicians here, if their testimony is desired, for use in the New Jersey court.

Otherwise, all objective factors favor trial of this action in New Jersey where plaintiff and all concerned with the accident live and work. Although plaintiff's choice of forum is a consideration, it is not conclusive and is entitled to less weight when he brings suit outside his own home forum, motivated primarily by "the magnanimity of a big city jury which often acts as [an] irresistible magnet for tort claims arising elsewhere in the country." *Rhodes v. Barnett,* 117 F.Supp. 312, 319 (S.D.N.Y.1953).

So ordered.