**ANCHOR SAVINGS BANK, Plaintiff,**

v.

**TRANSAMERICA INSURANCE COMPANY and Transamerica Corporation, Defendants.**

**No. 85 Civ. 2885 (LLS).**

United States District Court, S.D. New York.

May 13, 1986.

Mendes & Mount, New York City, for plaintiff; Daniel M. Bianca, of counsel.

Lambert & Weiss, New York City, for defendants; Carol A. Pisano, of counsel.

## OPINION and ORDER

STANTON, District Judge.

Plaintiff Anchor Savings Bank ("Anchor") sues the Transamerica Insurance Company and the Transamerica Corporation, alleging that defendants have failed to indemnify Anchor for losses covered by a Savings Bank Blanket Bond issued by defendants. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332. Defendants move pursuant to 28 U.S.C. § 1404(a) for transfer of this action to the United States District Court for the Western District of New York. The motion is granted.

Plaintiff claims that in April, 1983 a customer deposited checks at Anchor's Tonawanda, New York branch and, with the complicity of an Anchor employee there, shortly thereafter withdrew over $141,000 before Anchor discovered that the deposited checks were not backed by sufficient funds. (Amended Complaint, ¶¶ 11–15, 23–25.) Plaintiff alleges that though the loss it suffered is within the coverage of its bond with defendants, they have refused to honor plaintiff's demand for payment thereunder. (Amended Complaint, ¶¶ 16–19, 28–30.)

The threshold question in a motion for transfer is whether, as required by § 1040(a), the action could have been brought in the transferee forum in the first place. *See In re Air Crash Disaster at John F. Kennedy International Airport,* 479 F.Supp. 1118, 1123 (E.D.N.Y.1978). Anchor is a nationally chartered bank, *see* U.S.C. § 21 *et seq.,* with its principal place of business in Suffolk County, New York. (Amended Complaint, ¶ 1.) Both defendants are California corporations whose principal places of business are outside New York. (Answer, ¶ 2.) Anchor sues for over $10,000, thus there is federal subject matter jurisdiction, 28 U.S.C. § 1332(a)(1), and venue would be proper in the Western District of New York under 28 U.S.C. § 1391(a) both because Anchor is engaging in substantial business operations within the Western District, *see National Bank of Canada v. Artex Industries, Inc.,* 627 F.Supp. 610, 615 (S.D.N.Y.1986), and because the claim arose there. *See United States ex rel. Flemings v. Chafee,* 330 F.Supp. 193, 194 (E.D.N.Y.1971), *aff'd,* 458 F.2d 544 (2d Cir.1972), *rev'd on other grounds,* 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973) ("The cause of action for venue purposes can be said to arise wherever substantial material events took place.").

Since the case might have been brought in the Western District, the question is whether it should be transferred there. Among the relevant considerations are: the convenience of parties and witnesses; the relative ease of access to evidence, availability of compulsory process, and cost of obtaining witnesses; where the case may be tried most efficiently and expeditiously; and the interests of justice, "a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer." *Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D.N.Y.1967); *see also O'Neill v. Stanwood Corp.,* 577 F.Supp. 1001, 1003 (S.D.N.Y.1984). The burden is on the movant to establish that there should be a change of forum. *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Ross v. Colorado Outward Bound School, Inc.,* 603 F.Supp. 306, 310 n. 5 (W.D.N.Y. 1985).

Generally a plaintiff's choice of forum is entitled to considerable weight. *A. Olinick & Sons v. Dempster Bros., Inc.,* 365 F.2d 439, 444 (2d Cir.1966); *United States Barite Corp. v. M.V. Haris,* 534 F.Supp. 328, 330–31 (S.D.N.Y.1982). However, that choice should be accorded less weight to the degree that the case's operative facts have little or no connection with the transferor forum. *See Uddyback v. New Jersey Transit Rail Operations,* 629 F.Supp. 1173 (S.D.N.Y.1986); *Mobile Video Services, Ltd. v. National Assoc. of Broadcast Employees and Technicians, AFL–CIO,* 574 F.Supp. 668, 671 (S.D.N.Y. 1983); *Troyer v. Karcagi,* 488 F.Supp. 1200, 1207 (S.D.N.Y.1980).

All the significant actions giving rise to this suit occurred in the Western District. The principal actors, depositor Kenneth Wojcieszek and Anchor teller Edythe Keller, reside near Tonawanda. (Aff. of Carol A. Pisano, ¶¶ 9–11.) Every step in Mr. Wojcieszek's alleged peculation took place in Tonawanda. (Amended Complaint, ¶¶ 11–14, 23–25; Pisano Aff., ¶ 3.)

■ Plaintiff attempts to establish some connection between this district and the operative facts of the suit, although without support by affidavit, arguing that the bond sued on was bought in New York City; the plaintiff's claim was first submitted to defendants' Staten Island office; the employees of the Tonawanda branch were trained "in Anchor's New York offices or in Tonawanda by employees of plaintiff's New York Office"; and the loss from the Tonawanda branch was investigated by members of Anchor's "New York offices" or by a New York City investigator. (Memorandum of Law in Opposition to Defendants' Motion at 2–3.) Even if these factual representations were sworn, they would be of little effect. First, retention of the case in this district can hardly be predicated on anything which occurred in Staten Island or at Anchor's principal office, since both are located in the Eastern District of New York. Second, the acts alleged by Anchor to have occurred outside the Western District are peripheral to the essential core of plaintiff's claim, the alleged defalcation in Tonawanda, and would play little part in the proof at trial. When, as here, every act which gave rise to plaintiff's claim occurred outside the chosen forum, that choice is apt to be supported by less objectively legitimate reasons and is therefore less entitled to deference in deciding a motion to transfer. *Cf. Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56, 102 S.Ct. 252, 265–66, 70 L.Ed.2d 419 (1981) (presumption that plaintiff's chosen forum is convenient loses force when it is not plaintiff's home forum).

■ The defendants have more than met their burden of showing that this litigation could proceed more conveniently in the Western District. They have provided the names of prospective witnesses and their expected testimony, including: James Soldwisch, former First Vice-President of Anchor, who can testify to the approved tellers' procedures at the Tonawanda branch (Pisano Aff., ¶ 7); Leslie Junkin, Sue Ann Newman and Madilyn Cox, all tellers at the Tonawanda branch in April, 1983, who also can testify to branch procedures and who may have processed some of Mr. Wojcieszek's checks (Pisano Aff., ¶ 8); Maryann Monte, Pete Mason and Alma Wojcieszek, who can testify to the relations between Mr. Wojcieszek and Edythe Keller (Pisano Aff., ¶ 10); and Richard Kaufman, Assistant District Attorney for Erie County, New York, who investigated Edythe Keller's involvement in Mr. Wojcieszek's alleged scheme (Pisano Aff., ¶ 6). All those witnesses live or work in or near Tonawanda. (Pisano Aff., ¶ 6, 10; Exh. C.) They would be subject to the subpoena power of the Western District, but not of the Southern District, Fed.R.Civ.P. 45(e)(1); *Jaynes v. Jaynes*, 496 F.2d 9 (2d Cir.1974) (per curiam), and for them trial in the Western District would be more convenient and inexpensive than in the Southern District.

■ Plaintiff responds that the Southern District is more convenient because "all of the witnesses that plaintiff will offer regarding required bank procedure and the investigation of this loss reside in the New York area." (Memorandum of Law in Opposition to Defendants' Motion at 3.) Plaintiff did not, however, provide an affidavit specifying its witnesses whose convenience is at issue and summarizing their expected testimony. *Cf. Factors*, 579 F.2d at 218 (requiring such information from movant under § 1404(a)); *Computer Assistance, Inc. v. Morris*, 564 F.Supp. 1054, 1057 (D.Conn.1983) (same). Where a plaintiff's chosen forum has little or no relation to the material facts of the case so that he may not rely on the deference ordinarily given his choice, he cannot by conclusory recitations of inconvenience defeat a defendant's transfer motion which is supported by a factual showing of greater

convenience in the transferee forum. *See Ross,* 603 F.Supp. at 310 n. 5; *Mims v. Proctor and Gamble Distributing Co.,* 257 F.Supp. 648, 656 (D.S.C.1966) (once defendant makes *prima facie* showing for transfer burden shifts to plaintiff).

Since it appears that trial of this case in the Western District would be more convenient for the great majority of witnesses with firsthand knowledge, and since that district has considerably more connection with the operative facts than this district, it is in the interest of justice to transfer the action there for trial. Accordingly, the Clerk of the Court is directed to transfer this action to the United States District Court for the Western District of New York.

So ordered.