David **SALTZBERG**, Robert G. **Culp, III**, Sandra **Krause**, Dennis L. **Krause**, Dan **Shapiro**, Carl **Resnick**, Edah L. **Halliday**, Alvan L. **Schrader**, Alfred **Gitman**, Robert J. **Roosenberg**, Aaron **Boxer**, Stephen **Ratty**, Leonard A. **Panzetta**, Rolland M. **Wilkening**, Richard A. **Somerby**, Elayne **Ernstoff** and Lawrence **Ernstoff**, Harakh V. **Deohia** and Anuja **Deohia**, James E. **Linnell** and Patricia A. **Linnell**, Thomas **Cappas** and Elizabeth **Cappas**, Earl **Tanner**, Fred A. **Wittlinger**, John R. **English**, Rolland M. **Wilkening**, William C. **Rousseau**, Margaret **Rousseau**, John and Sarah B. **Goodman**, Plaintiffs,

v.

**TM STERLING/AUSTIN ASSOCIATES, LTD.**, Sterling Managers, Inc.; Sterling Partners, II, Ltd.,; the Sterling Group, Inc.; Thomas C. Committee, Jr.; John Draper; LPMC of Jax, Inc.; James H. Winston; and Realty International Corporation, Defendants.

No. 90 Civ. 3616 (CSH).

United States District Court,
S.D. New York.

Oct. 10, 1990.

Beigel & Sandler (Bijan Amini, of counsel), New York City, for plaintiffs.

Chadbourne & Parke (Donald I. Strauber, of counsel), New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

This is an action under the federal securities laws and civil RICO with pendent common law claims. Plaintiffs are limited partners of a Texas limited partnership which was formed in September 1984 to acquire, develop, operate and manage an apartment complex in Austin, Texas. Defendants comprise the two general partners, their officers, corporations owing the capital stock of the general partners, and a company which participated in the preparation and dissemination of the offering memorandum and sales brochure for the venture. Plaintiffs commenced this action in the wake of the limited partnership's failure. They hope to regain their investments.

There are 31 individual plaintiffs. They reside in 15 states: New Jersey, North Carolina, New Hampshire, Massachusetts, Michigan, Minnesota, Pennsylvania, Florida, California, Maryland, New York, West Virginia, Connecticut, Indiana, and Alabama. Only one plaintiff, Richard A. Somerby, lives in New York. He resides in Hartsdale, which is within this District.

The defendant limited partnership, TM Sterling/Austin Associates, Ltd., was organized in 1984 under the laws of Texas.

The two general partners are defendant Sterling Managers, Inc. and Sterling Partners, II, Ltd. The first is a Texas corporation with its principal offices in Atlanta, Georgia. The second is a Georgia limited partnership with its principal offices in Atlanta.

Defendant Thomas C. Committe, Jr. is president of Sterling Managers and a general partner of Sterling Partners. He is a resident of Georgia.

Defendant John J. Draper is vice-president of Sterling Managers and a general partner of Sterling Partners. He is a resident of Atlanta.

Defendant Sterling Group, Inc. owns all the outstanding capital stock of Sterling Managers. It is a Georgia corporation.

Defendant LPMC of JAX, Inc., together with defendants Committe and Draper, owns all the outstanding capital stock of Sterling Group. LPMC is a Florida corporation. Defendant James H. Winston own all the outstanding shares of LPMC, and is a director of Sterling Managers. He is a resident of Florida.

Defendant Realty International Corporation is alleged by plaintiff to have "participated in the preparation and dissemination

of the offering memorandum and sales, and received substantial monies in connection with the transaction that is the subject matter of this action." Complaint at ¶ 4(I). It is a New York corporation.

All defendants except Realty International Corporation now move to transfer the action to the United States District Court for the Northern District of Georgia, Atlanta Division. They also move to dismiss Count II of the complaint which alleges a claim under section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a). Plaintiffs resist both motions.

## I.

■ The motion to transfer is laid under 28 U.S.C. § 1404(a). The United States District Court sitting in Atlanta, Georgia is a "district or division where [the action] might have been brought" under the statute. Plaintiff do not suggest otherwise.

The question therefore arises whether the action should be transferred "[f]or the convenience of parties and witnesses" and "in the interest of justice." I conclude that transfer is appropriate in this case.

On the plaintiffs' side, there is no preponderating contact with the Southern District of New York. Only one plaintiff resides here. The others are scattered among the states of the Union. Plaintiffs stress the participation of Realty International Corporation, a New York company, in the alleged fraud; but defendants respond that the limited venture was marketed from "numerous branch offices throughout the United States," Reply Brief at 5, which the plaintiffs geographical diversity would appear to confirm. There is no showing that New York is a more convenient forum for a significant majority of the plaintiffs than Atlanta. In these circumstances, the plaintiffs' choice of this district counts for very little.

By way of contrast, the general partners and their officers, charged by plaintiffs with being the architects of serious fraud, are resident in the Atlanta area, conducted the transactions at issue from there, and continue to be active in business there. The moving papers sufficiently identify a significant number of important witnesses resident in and around Atlanta. Atlanta is clearly where the majority of the significant documentation will be found. It is also the forum where the individual defendants may with the greatest convenience to their other affairs appear in court to defend against the charges against them. Plaintiffs entirely fail to make a specific showing of witnesses necessary to their case who are resident in this district.

In the totality of the circumstances, this is an appropriate case for transfer. *See, e.g., Anchor Savings Bank v. Transamerica Insurance Company*, 634 F.Supp. 398 (S.D.N.Y.1986); *Essex Crane Rental v. Vic Kirsch Construction Co.*, 486 F.Supp. 529 (S.D.N.Y.1980); *McCrystal v. Barnwell County, South Carolina*, 422 F.Supp. 219 (S.D.N.Y.1976).

## II.

■ Having determined that the action will be transferred to the United States District Court for the Northern District of Georgia, Atlanta Division, I think it right to defer defendants' motion to dismiss Count II to the transferee court.

In *Ackerman v. Clinical Data, Inc.*, [1985–1986 Transfer Binder] Fed.Sec.L. Rep. (CCH) ¶ 92, 207 at 91, 566, 1985 WL 1884 (S.D.N.Y. July 8, 1985), I concluded that section 17(a) of the Securities Act of 1933 does not provide a private cause of action. In reaching that conclusion, I reasoned that subsequent caselaw had undermined the Second Circuit's opinion in *Kirshner v. United States*, 603 F.2d 234, 241 (2d Cir.1978), *cert. denied*, 444 U.S. 995, 100 S.Ct. 531, 62 L.Ed.2d 426 (1979), which stated without discussion that "the language of the section was broad enough to imply a private right of action ..." There is a division of opinion among the judges of this district on the point. The Second Circuit has not squarely addressed the issue; neither has the Supreme Court. But the present tide of federal appellate authority is clearly running against the implication of a private right of action. *See, e.g., Currie v. Cayman Resources Corp.*, 835 F.2d 780, 784 n. 8 (11th Cir.1988), and

*In re Washington Public Power Supply System Securities Litigation,* 823 F.2d 1349 (9th Cir.1987) (*en banc*) (reversing prior Ninth Circuit rule implying private right of action in section 17 cases).

Were the case to remain here, I would adhere to my prior ruling in *Ackerman* and dismiss Count II of this complaint. However, having directed transfer, I think it right to defer to the transferee court, where the issue will be considered in the light of Eleventh Circuit authority.

The Clerk of this Court is directed to transfer the file to the Clerk of the United States District Court for the Northern District of Georgia, Atlanta Division.

It is SO ORDERED.