Philip R. **TOTONELLY**
Jr. M.D., Plaintiff,

v.

**CARDIOLOGY ASSOCIATES
OF CORPUS CHRISTI,
INC., Defendant.**

No. 96 CV 1720.

United States District Court,
S.D. New York.

July 31, 1996.

---

Stephen Bitterman, Austria, Bitterman & Cohen, Goshen, NY, for Plaintiff.

Allen B. Rappleyea, Corbally Gartland & Rappleyea, Poughkeepsie, NY, for Defendant.

## MEMORANDUM DECISION and ORDER

PARKER, District Judge.

This diversity action for breach of contract and fraud is before this Court on the motion of defendant, Cardiology Associates of Corpus Christi, Inc., to dismiss for lack of personal jurisdiction and improper venue pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Plaintiff, Philip R. Totonelly, originally brought this action in Orange County Supreme Court. On March 4, 1996, Cardiology Associates removed the case to this court pursuant to 28 U.S.C. 1446.

The complaint alleges the following facts. Totonelly is a resident of the state of New York where, prior to June 1993, he had a successful medical practice specializing in cardiology. In the summer of 1992, Cardiology Associates, a medical partnership engaged in the practice of medicine, was seeking a cardiologist to assist its Texas practice. Through an agent, Cardiology Match of Las Vegas, Cardiology Associates approached Totonelly and invited him to join its practice. On December 21, 1992, Totonelly and Cardiology Associates signed an employment agreement. The agreement, however, was allegedly contingent upon Cardiology Associates' promises to resolve significant financial issues that Totonelly faced, including the debt Totonelly owed for his office equipment and the accounts receivable which had to be collected from his New York practice. A representative of Cardiology Associates traveled to New York allegedly to discuss the resolution of these issues. Satisfied with the representations of Cardiology Associates with regard to these financial issues, Totonelly closed his New York practice, sold his house, and moved his family to Texas where

he purchased a house. Totonelly alleges that after he began working in Texas, Cardiology Associates breached the employment agreement and later terminated it without cause. Cardiology Associates now moves to dismiss the complaint for lack of personal jurisdiction and for improper venue on the ground that the events giving rise to Totonelly's claims occurred in Texas, or alternatively, to transfer the case to Texas pursuant to 28 U.S.C. § 1404(a). Because this Court finds that transfer of this action is appropriate, it does not reach the issue of whether it has personal jurisdiction over defendant.

Cardiology Associates argues that this action should be dismissed for improper venue under 28 U.S.C. § 1391. As noted above, however, this action was removed by Cardiology Associates from Orange County Supreme Court. Because this action was removed to this court, the general venue provision of 28 U.S.C. § 1391 "has no application." *Polizzi v. Cowles Magazines,* 345 U.S. 663, 665, 73 S.Ct. 900, 902, 97 L.Ed. 1331 (1953). Rather, § 1441(a) is the statutory provision applicable to removed civil actions.[1] *See Polizzi,* 345 U.S. at 665, 73 S.Ct. at 902 ("The venue of removed action is governed by 28 U.S.C. 1441(a) ...."). Under § 1441(a), venue is proper in this district.

Even though venue is proper under 28 U.S.C. § 1441(a), a removed action may be transferred to another federal district where the case could have been brought "for the convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). It is well established that "motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir.1992). The decision to transfer requires the Court to balance several factors including the place where the operative facts occurred, the con-

1. Section 1441(a) of Title 28 of the United States Code provides:

    Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may

be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

venience to the parties and witnesses, plaintiff's choice of forum, the relative ease of access to sources of proof, availability of process to compel attendance of unwilling witnesses, and the interest of justice. *See Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.,* 774 F.Supp. 858, 868 (S.D.N.Y.1991); *Seagoing Uniform Corp. v. Texaco, Inc.,* 705 F.Supp. 918, 935 (S.D.N.Y.1989). "The core determination under § 1404(a) is the center of gravity of the litigation, a key test of which is the convenience of the witnesses.... Courts routinely transfer cases where the principal events occurred, and the principal witnesses are located in another district." *Viacom,* 774 F.Supp. at 868 (citations omitted).

█ Here, the events at issue and almost all of the pertinent witnesses are in Texas. Totonelly's contract claims constitute the core of this case. The events in issue are the agreement between the parties and its alleged breach, which occurred in Texas. Virtually all of the relevant witnesses to these events are in Texas, and the third-party witnesses are beyond the subpoena powers of this court but not of a court in Texas. Moreover, at the time the events underlying Totonelly's claims occurred, all parties were Texas residents. But for the fact that Totonelly moved back to New York after the alleged breach, New York would have no connection to this action at all.[2]

Although generally a plaintiff's choice of forum is entitled to considerable weight, *see A. Olinick & Sons v. Dempster Bros.,* 365 F.2d 439, 444 (2d Cir.1966), that choice is accorded less weight to the degree that the case's operative facts have little or no connection with the transferor forum. *See Anchor Savings Bank v. Transamerica Ins. Co.,* 634 F.Supp. 398, 399 (S.D.N.Y.1986). Because the operative facts underlying Totonelly's contract claims have little material connection with New York, his choice of forum is outweighed by the other factors noted herein. *See Dr. Boy v. Nationwide Ins.,* 1996 WL 350699 *3 (S.D.N.Y.1996); *Viacom,* 774

F.Supp. at 868; *Anchor Savings Bank,* 634 F.Supp. at 399.

Accordingly, defendant's motion to transfer venue is granted. The clerk of the Court is directed to transfer the case to the District Court for the Southern District of Texas.

SO ORDERED.