Daniel D. DASHMAN, Plaintiff,

v.

PETER LETTERESE AND AS-
SOCIATES, INC. and Peter
Letterese, Defendants.

No. 97 Civ. 3648(MGC).

United States District Court,
S.D. New York.

April 2, 1998.

Lani A. Adler by Lani A. Adler, New York City, for Plaintiff.

Jaffe and Asher by William A. Rome, Jarrod S. Schlesinger, New York City, for Defendants.

*MEMORANDUM OPINION AND ORDER*

CEDARBAUM, Senior District Judge.

Defendants Peter Letterese and Associates, Inc. and Peter Letterese move pursuant to 28 U.S.C. § 1406(a) to dismiss this action for improper venue, or, in the alternative, pursuant to §§ 1404(a) and § 1406(a) to transfer the action to the Southern District of Florida. Defendants also move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss certain claims for failure to state a claim upon which relief can be granted. For the reasons discussed below, defendants' motion to transfer is granted.

## DISCUSSION

The parties agree that both defendants reside in Florida, and that plaintiff resides in New York. Subject matter jurisdiction is founded solely on diversity of citizenship. Plaintiff contends that venue is proper in this district because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district.

28 U.S.C. § 1391(a), the general venue statute for diversity cases, provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). In *Cobra Partners L.P. v. Liegl*, 990 F.Supp. 332, 334 (S.D.N.Y.1998), I adopted the reasoning of *Canaday v. Koch*, 598 F.Supp. 1139 (E.D.N.Y.1984), and determined that the almost identical language of 28 U.S.C. § 1391(b) [1] is to be read hierarchi-

---

1. 28 U.S.C. § 1391(b), the general venue statute for federal question cases, provides:

   A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought

   only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial

cally. Therefore, I held that when venue is proper in a district pursuant to § 1391(b)(1) because all defendants reside in the same state, venue does not lie elsewhere pursuant to § 1391(b)(2). *See Cobra,* 990 F.Supp. at 334; *Canaday,* 598 F.Supp. at 1148; *see also Welch Foods, Inc. v. Packer,* 1994 WL 665399, at *2 (W.D.N.Y.1994); *Now Plastics, Inc. v. HPT Plastics, Inc.,* 1990 WL 301521, at *2 (S.D.N.Y.1990); *Gaymar Indus. v. Grant,* 1988 WL 129365, at *3 (W.D.N.Y. 1988); *Southern Marine Research, Inc. v. Jetronic Indus.,* 590 F.Supp. 1192, 1194 (D.Conn.1984).

Although *Cobra* was a federal question case governed by § 1391(b), and this is a diversity case to which § 1391(a) applies, I see no reason to reach a different result. Not only are the two subsections almost identical in language, but their history is also substantially identical. Both subsections were amended in 1966 to include a provision authorizing venue where "the claim arose," in order to close the "venue gap" created by the earlier venue provisions under which there was no venue in some cases. Pub.L. No. 89–714, § 1, 80 Stat. 1111 (1966); *see Brunette Machine Works, Ltd. v. Kockum Indus., Inc.,* 406 U.S. 706, 710 n. 8, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972) (purpose of the 1966 amendment was to close the venue gap); *Cobra,* 1998 WL 24327, at *1. By a 1990 amendment, the language in both § 1391(a) and § 1391(b) was changed from "in which the claim arose," to "in which a substantial part of the events or omissions giving rise to the claim occurred." Pub.L. No. 101–650, Tit. III, § 311, 104 Stat. 5089, 5114 (1990).[2]

The 1992 amendment to 28 U.S.C. § 1391(a) does not alter the analysis. That amendment added to the end of subsection three of § 1391(a) the language "if there is no district in which the action may otherwise be brought." Pub.L. 102–572, § 504, 106 Stat. 4506, 4513 (1992). The 1992 amendment merely conformed § 1391(a)(3) to

§ 1391(b)(3), which when added in 1990 was made subordinate to the first two subsections by furnishing a new ground for venue only "if there is no district in which the action may otherwise be brought." Pub.L. No. 101–650, Tit. III, § 311, 104 Stat. 5089, 5114 (1990). Contrary to plaintiff's assertions, the fact that Congress made § 1391(a)(3) subordinate to the first two statutory subsections did not, and does not, alter the preexisting relationship between § 1391(a)(1) and § 1391(a)(2).

Viewed in the proper historical context, § 1391(a), like § 1391(b), provides that in a case in which all defendants reside in the same state, venue lies only in that state, and, specifically, only in a district within that state in which one of the defendants resides. If, and only if, defendants do not all reside in the same state, then, and only then, venue lies in a district in which a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(a)(1) and (2). Because both defendants reside in Florida, § 1391(a)(1) rather than § 1391(a)(2) applies to this action.

Finally, plaintiff contends that § 1391(a)(1), which provides that venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State," may be read to permit venue in a district in which any defendant resides even if that district is in a state other than the one in which all defendants reside. Under this theory, plaintiff argues that venue is proper in this district under § 1391(a)(1) because both defendants reside in the same state—Florida—and because defendant Peter Letterese and Associates, Inc. also allegedly "resides" in this district because it is subject to jurisdiction in this district. *See* 28 U.S.C. § 1391(c) ("a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is

---

part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

**2.** The 1990 amendment also removed from § 1391(a)(1) that portion of the subsection that

provided for venue in a district in which any plaintiff resided, if all plaintiffs resided in the same state. Thus, like § 1391(b)(1), § 1391(a)(1) now only provides for venue in "a judicial district where any defendant resides, if all defendants reside in the same State."

commenced"). Section 1391(a)(1) cannot be read, however, to mean that as long as all defendants reside in the same state, venue is proper in a district in some other state where any corporate defendant happens to be subject to personal jurisdiction. The language of § 1391(a)(1) contemplates venue in a judicial district within the state in which all defendants reside. This is not such a district, and, accordingly, venue is not proper in this district.

## CONCLUSION

For the foregoing reasons, defendants' motion to transfer this case to the Southern District of Florida is granted.

SO ORDERED.