SOUTHERN MARINE RESEARCH, INC.

v.

JETRONIC INDUSTRIES, INC.

Civ. No. H-83-571.

United States District Court,
D. Connecticut.

Aug. 23, 1984.

Peter L. Costas, Costas, Montgomery & Dorman, Hartford, Conn., for plaintiff.

Frank J. Silvestri, Jr., Robert S. Cooper, Bridgeport, Conn., for defendant.

## RULING ON OBJECTION TO MAGISTRATE'S RECOMMENDED RULING

BLUMENFELD, Senior District Judge.

In this action by a Delaware corporation against a Pennsylvania corporation, the plaintiff alleges violations of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Connecticut Unfair Trade Practices Act, Conn.Gen.Stat. § 42–110a et seq., and the common law of unfair competition. The complaint alleges that the defendant utilized a physical specimen of a particular product of the plaintiff—a hand-held marine transceiver—in a variety of allegedly improper ways both to develop and to promote its own sales of a similar product, thus enabling the defendant to accelerate its entry into the market, and to trade on the plaintiff's good will, siphoning sales from the plaintiff.

The defendant moved to dismiss the complaint, asserting both lack of jurisdiction over its person and improper venue. This motion was referred to United States Magistrate Eagan, and was heard on a record consisting of affidavits and written discovery materials. The record indicated that the defendant's place of business is in Philadelphia, that it maintains no office here, and that its employees visit Connecticut only sporadically. Only 2.39% of the defendant's sales of the product at issue— known as the Model 678 transceiver—were made to Connecticut retailers through the defendant's independent manufacturer's representative operating out of Eliot, Maine.

On this record, the Magistrate ruled that the defendant is subject to personal jurisdiction in Connecticut and that venue is proper in this district. Pursuant to Rule 2 of this court's Local Rules for United States Magistrates, the defendant has objected to this ruling. The objection does not take issue with the Magistrate's determination that the defendant is amenable to personal jurisdiction here. Rather, the defendant limits its claim to the contention that the Magistrate erred in finding that venue is properly laid in this district.

The portion of the recommendation of the Magistrate to which objection is made should be considered de novo by this court. 28 U.S.C. § 636(b)(1). The plaintiff specifically alleges in paragraphs 25 to 29 of its complaint that this cause of action arises under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and in paragraph 39 the plaintiff alleges that: "This cause of action arises under the common law of the State of Connecticut. Jurisdiction and venue are predicated upon United States Code, Title 28, Sections 1332, 1338 and 1391. The parties are citizens of different states and the amount in controversy is in excess of Ten Thousand Dollars ($10,000.) . . . ." Assuming—as both parties have done [1]—that in-

---

1. In its order scheduling a hearing to determine whether venue exists in this district, this court noted, "If the complaint did not assert a claim under the Lanham Act, venue would be properly laid in this district. 28 U.S.C. § 1391(a) [jurisdiction founded only on diversity of citizenship]." In the face of this subtle suggestion to the plaintiff that it withdraw its claim that jurisdiction is based on the Lanham Act, so as to leave venue to be governed by § 1391(a), it has argued strenuously that it has stated a claim for "reverse palming off" cognizable under the Lan-

vocation of section 43(a) of the Lanham Act raises a federal question for purposes of jurisdiction under 28 U.S.C. § 1331, *see SK & F Co. v. Premo Pharmaceutical Laboratories, Inc.*, 625 F.2d 1055 (3d Cir.1980), the general venue statute, 28 U.S.C. § 1391, must be considered. Subsection (b) reads:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

The Magistrate ruled that although the defendant resides in the Commonwealth of Pennsylvania, the claim "arose" here and that venue is therefore proper. In reaching his conclusion the Magistrate did not specify any acts committed by the defendant in this district. What he did conclude was that the defendant's conduct within Connecticut was sufficient to justify venue within this district. But whether a defendant should be required to defend a suit in a jurisdiction in which it may have had limited contact, *e.g.*, *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), is not the issue. The power to hear and decide a case is not to be confused with venue. Venue is the place where that power may be exercised.

■ A superficial reading of section 1391(b), "where all defendants reside, or in which the claim arose," may suggest that they are equal alternative bases for venue. The Supreme Court has pointed out in two recent cases, *Brunette Machine Works,* *Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 710 & n. 8, 92 S.Ct. 1936, 1939 & n. 8, 32 L.Ed.2d 428 (1972) and *Leroy v. Great Western United Corp.*, 443 U.S. 173, 184 n. 17, 99 S.Ct. 2710, 2717 n. 17, 61 L.Ed.2d 464 (1979), "the amendment of § 1391 [subsection (b)] to provide for venue where the claim arose was designed to close the 'venue gaps' that existed under earlier versions of the statute in situations in which joint tortfeasors, or other multiple defendants who contributed to a single injurious act, could not be sued jointly because they resided in different districts." This case is against only *one* defendant and therefore there is no reason to look for an alternative place of venue which would be most suitable for suing defendants from several different districts. *Cf. Catrambone v. Bloom*, 540 F.Supp. 74 (E.D.Pa.1982).

■ Even if an alternative to defendant's residence should be considered as the proper venue, the residence of the plaintiff in this district would have no relevance. As to this, the Supreme Court, in *Leroy*, 443 U.S. at 185, 99 S.Ct. at 2717, said

> it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts. Rather, it restricted venue either to the residence of the defendants or to "a place which may be more convenient to the litigants"—*i.e.*, both of them—"or to the witnesses who are to testify in the case." In our view, therefore, the broadest interpretation of

---

ham Act. Thus, venue in this case is governed by 28 U.S.C. § 1391(b) which in some situations provides for venue in the district where the claim arose. The defendant does not challenge that contention of the plaintiff at this time.

The Lanham Act is not a jurisdictional statute. It has significance in this case only to the extent that it may create a federal cause of action. There is considerable doubt as to whether the Lanham Act creates a federal claim. *See generally Note, Did the Lanham Act Create a Federal Law of Unfair Competition?*, 66 Harv.L.Rev. 1101–05 (1953). In such a situation, as Judge Friendly has recently reminded us:

> *Bell v. Hood*, 327 U.S. 678, 682 [66 S.Ct. 773, 776, 90 L.Ed. 939] (1945) [*sic*], instructs us

that, when the contested basis of federal jurisdiction is also an element of plaintiff's asserted federal claim, the claim should not be dismissed for want of jurisdiction except when it "appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."

*AVC Nederland B.V. v. Atrium Investment Partnership*, 740 F.2d 148, 152, 153, slip op. 5401, 5410 (2d Cir. July 19, 1984). Thus, if the plaintiff's contention that it has a claim under the Lanham Act is not valid, it should be dismissed on the merits for failure to state a claim rather than for lack of jurisdiction. *Bell v. Hood*, 327 U.S. at 682, 66 S.Ct. at 776.

the language of § 1391(b) that is even arguably acceptable is that in the unusual case in which it is not clear that the claim arose in only one specific district, a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the locus of the claim.

(citations and footnote omitted). In determining which district is "a place which may be more convenient to the litigants," the factors to be considered are the availability of witnesses, equal accessibility of other relevant evidence, and the convenience of the defendant, but not that of the plaintiff. The Magistrate's ruling failed entirely to address those elements. What has been presented on this issue reveals that the only factor which would have any influence in a choice of this district is the fact, as stated above, that 2.39% of the defendant's products were sold to Connecticut retailers through an independent manufacturer's representative operating out of Eliot, Maine. Of the ten wrongful acts allegedly committed by the defendant, as set forth in paragraphs 11 through 21 of the complaint, only the circulation of some part of the national advertising of its product by discount houses or retailers occurred in Connecticut. Those facts would not support laying venue in Connecticut. The other acts alleged raise factual issues with respect to liability which the plaintiff contends are relatively simple:

Did Defendant photograph Plaintiff's product for purposes of soliciting sales for its competitive product? Did Defendant utilize Plaintiff's instructional materials for Plaintiff's product to produce "its own" in order to promote its competitive product at an early date? Did Defendant utilize Plaintiff's product or a product which it knew to be Plaintiff's product for purposes of laboratory testing to obtain FCC-type certification? Did Defendant by these acts enter the marketplace and solicit sales in competition with Plaintiff at an earlier date that [*sic*] it would have been able to do had it merely copied Plaintiff's product instead of utilizing Plaintiff's product and represented it as its own?

Affidavit of Peter L. Costas in Support of Plaintiff's Memorandum in Opposition to Defendant's Objection to the Magistrate's Recommended Ruling on Defendant's Motion to Dismiss ¶ 2 (filed June 14, 1984). The defendant asserted at the hearing that those acts were committed in Pennsylvania or at places other than in this district, and that none of the actors, witnesses and records relating to them are subject to the jurisdictional reach of this court. The plaintiff offered nothing to refute that. However, the plaintiff argues: "All of these issues should be readily determined by a limited amount of discovery and require no witnesses at trial." *Id.* Such a method of conducting a trial runs counter to the generally accepted rule that issues of fact are to be resolved by a court or a jury. Especially where evidence relating to an issue consists of testimony of witnesses, their credibility and accuracy are tested not only by the words they speak, but the manner and voice they use to convey them.

For the foregoing reasons, venue in this district is improper, and the defendant's objection to the ruling of the Magistrate on this issue is sustained.

However, instead of dismissing the action for want of proper venue, it is hereby transferred, pursuant to 28 U.S.C. § 1406(a), to a venue "in which it could have been brought," to wit: the United States District Court for the Eastern District of Pennsylvania, and it is

SO ORDERED.