**MERCHANTS NATIONAL BANK, Topeka, Kansas, as Conservator for Betty Moore Stowers, Plaintiff,**

**v.**

**SAFRABANK (CALIFORNIA), a California corporation; American Financial Reserve Corporation, a California corporation, f/k/a Newport Beach First Financial Group, Inc.; Jesse Lama and Sylvia DePointe, Defendants.**

**No. 90–4194–R.**

United States District Court, D. Kansas.

Oct. 9, 1991.

---

Harold S. Youngentob, Goodell, Stratton, Edmonds & Palmer, Topeka, Kan., for plaintiff.

Lee T. Lauridsen, Douglas F. Behm, Morrison & Hecker, Kansas City, Mo., Marc E. Elkins, Morrison & Hecker, Overland Park, Kan., Joel M. Kozberg, Stroock & Stroock & Lavan, Los Angeles, Cal., Carol B. Bonebrake, Michael J. Grady, Cosgrove, Webb & Oman, Topeka, Kan., Alan Jay Weil, Corey E. Klein, Bruce E. Goldberg, Armato, Gaims, Weil, West & Epstein, Los Angeles, Cal., for defendants.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is presently before the court upon defendants' motions to dismiss or transfer for lack of venue. The supplemental briefs requested by the court have now been submitted, and the court is now prepared to rule.[1]

The court must first determine whether venue is permitted by 28 U.S.C. § 1391(b). In resolving this issue, we must first consider whether the recent amendments to this statute are applicable to this case. On December 1, 1990, President Bush signed

---

**1.** Defendants American Financial Reserve Corporation (AFRC), Jesse Lama and Sylvia DePointe have requested oral argument on their motions. The court has determined that oral argument on the pending motions is unnecessary.

into law the Judicial Improvements Act of 1990, Pub.L. No. 101–650. Section 311 of Title III of this Act revised section 1391(b). Congress amended section 1391(b) to allow more choice of venue in litigation, pursuant to a recommendation by the Federal Courts Study Committee to discourage "litigation over which of the possibly several districts involved in a multi-forum transaction is the one 'in which the claim arose.'" 15 Wright, Miller and Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3803 (Supp.1991) (citing Report of the Federal Courts Study Committee 1990, at p. 94). Congress did not provide an effective date for this amendment. The court directed the parties to address the applicability of the recent amendments to section 1391(b).

Plaintiff has argued that the amendments should be given retroactive effect. Defendants contend that the amendments should not be applied to this case. They argue, nevertheless, that venue is improper in this district under either the old version of section 1391(b) or the new version.

▆ Procedural changes have retrospective effect unless Congress specifically dictates otherwise or a manifest injustice is created. *Gray v. Moore Business Forms, Inc.,* 711 F.Supp. 543, 545 (N.D.Cal.1989). Venue statutes are procedural in nature. *Rodriguez de Quijas v. Shearson American Express, Inc.,* 490 U.S. 477, 481–82, 109 S.Ct. 1917, 1920–21, 104 L.Ed.2d 526 (1989); *Tenefrancia v. Robinson Export and Import Corp.,* 921 F.2d 556, 558 n. 2 (4th Cir.1990).

Given the procedural nature of the amendment, the court finds that it should have retroactive effect. *See American Trade Partners v. A–1 International Importing Enterprises, Ltd.,* 757 F.Supp. 545, 557 n. 18 (E.D.Pa.1991). Congress has not indicated that the amended version of section 1391(b) should not be given retroactive effect, and no manifest injustice is created by retroactive application. Accordingly, even though this case was pending at the time of the amendment to section 1391(b), we shall proceed under the amended version.

The amended version of § 1391(b) provides as follows:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

▆ The defendants have argued that the application of the amended version of section 1391(b) does not affect their argument that section 1391(b) permits actions to be brought in the district where the claim arose only if all defendants do not reside in the same district. This argument is based on some language contained in *Leroy v. Great Western United Corp.,* 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). Relying on this argument, the defendants contend that venue is proper only in the Central District of California, where all of the defendants reside.

The defendants have pointed to certain statements in *Leroy* suggesting that section 1391(b) allows venue in the district where the claim arose only when multiple defendants do not reside in the same judicial district. In *Leroy,* the Court stated that "[i]n most instances the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial," 443 U.S. at 183–84, 99 S.Ct. at 2716 (emphasis in original), and further explained that "the amendment giving plaintiffs the right to proceed in the district where the claims arose" was "designed to close the 'venue gaps' that existed under earlier versions of the statute in situations in which ... multiple defendants who contributed to a single injurious act, could not be sued jointly because they resided in

different districts." *Id.* at 184 & n. 17, 99 S.Ct. at 2717 & n. 17.

Some courts, relying on the aforementioned language from *Leroy,* have adopted the defendants' position. *See, e.g., Canaday v. Koch,* 598 F.Supp. 1139, 1148 (E.D.N.Y.1984), *aff'd,* 768 F.2d 501 (2d Cir. 1985); *Southern Marine Research, Inc. v. Jetronic Industries, Inc.,* 590 F.Supp. 1192, 1194 (D.Conn.1984). We were not persuaded by this view prior to the 1990 amendment, but we believe that there is now less reason to follow it in light of the language used by Congress in the amended version of section 1391(b). The defendants' argument fails to give effect to the plain language of the statute. *See* 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3806 (1986). *Also see Reitnour v. Cochran,* No. 86-4869, 1987 WL 9774, at *, 1987 U.S.Dist. LEXIS 3098, at *4 (E.D.Pa. Apr. 22, 1987). We believe that the language of the statute must control and it provides for alternative bases of venue. Accordingly, we reject the defendants' argument that venue is improper here because all of the defendants reside in the Central District of California.[2]

■ In the alternative, the defendants have argued that venue is improper here because the plaintiff's claims arose in California, not Kansas. Concerning this issue, we must determine whether a "substantial part of the events or omissions giving rise to the claim occurred" within the District of Kansas. This new test does not require the court to determine where the activities of the defendants were most substantial. Rather, the court need only determine if "substantial" activities took place in Kansas. "If the selected district's contacts are 'substantial', it should make no difference that another's are more so, or the most so." Siegel, Commentary on 1990 Revision of Subdivisions (a), (b) and (e), 29 U.S.C.A. § 1391 (1991).

■ In applying the new language of section 1391(b), we find that a "substantial part" of the activities out of which the plaintiff's claims arose took place in Kansas. Betty Moore Stowers was solicited by the defendant AFRC in Kansas. AFRC, through defendants Jesse Lama and Sylvia DePointe and others, telephoned Ms. Stowers on numerous occasions and mailed many documents to her in Kansas. AFRC arranged financing with SafraBank for Ms. Stowers' transactions. Both AFRC and SafraBank conducted many of its activities, through the use of the mail, with Ms. Stowers in Kansas. Accordingly, venue is proper here, even though the defendants' activities in California might have been more substantial, or the most substantial. *See, e.g., General Environmental Science Corp. v. Horsfall,* 753 F.Supp. 664, 673–74 (N.D.Ohio 1990); *Obee v. Teleshare, Inc.,* 725 F.Supp. 913, 917 (E.D.Mich.1989); *Eaby v. Richmond,* 561 F.Supp. 131, 141 (E.D.Pa.1983).

Having concluded that venue is proper here under the general venue statute, we need not consider the defendants' other arguments concerning the propriety of venue under the special venue provisions of RICO and the Securities Exchange Act of 1934. *General Bedding Corp. v. Echevarria,* 714 F.Supp. 1142, 1144 (D.Kan.1989).

■ The court shall now turn to the defendants' motions to transfer pursuant to 28 U.S.C. § 1404(a). The defendants contend that this action should be transferred to the Central District of California for the convenience of the parties, the convenience of the witnesses, and in the interest of justice. The defendants contend that these factors require the transfer, while the plaintiff contends that these same factors require the continuation of this action in this district.

**2.** Plaintiff has filed a motion to file a supplemental brief to her response to the defendants' motion to dismiss based on lack of venue. Plaintiff seeks to provide the court with additional information concerning the residence of one of the defendants. Given the court's disposition of the defendants' argument concerning section 1391(b), we need not consider the information noted by the plaintiff. Accordingly, plaintiff's motion to file a supplemental brief shall be denied. With this ruling, the court shall also deny defendants' motion to file a supplemental brief.

Having carefully considered the circumstances, we find that the defendants' motion should be denied. We do not find that the defendants have presented sufficient evidence to overcome the plaintiff's choice of forum. A transfer would simply shift the inconvenience of conducting this litigation from one side to the other. Under such circumstances, a motion to transfer under section 1404(a) should be denied. *Ammon v. Kaplow,* 468 F.Supp. 1304, 1314 (D.Kan.1979).

IT IS THEREFORE ORDERED that the motion to dismiss complaint or, in the alternative, to transfer venue of defendant American Financial Reserve Group (Doc. # 15) be hereby denied.

IT IS FURTHER ORDERED that the motion to dismiss for lack of venue or, in the alternative, to transfer of defendant SafraBank (Doc. # 31) be hereby denied.

IT IS FURTHER ORDERED that the motion to dismiss complaint for lack of venue or, in the alternative, to transfer venue of defendants Jesse Lama and Sylvia DePointe (Doc. # 51) be hereby denied.

IT IS SO ORDERED.