### COBRA PARTNERS L.P., Cobra G.P.L.P, Cobra G.P., Inc. and Lincolnshire Management, Inc., Plaintiffs,

v.

### Peter J. LIEGL, Dale R. Glon, N. Juergen Boessler, James Powers and Crowe, Chizek and Company LLP, Defendants.

#### No. 96 CIV. 2248(MGC).

United States District Court,
S.D. New York.

Jan. 16, 1998.

---

New York, NY, for Cobra Partners L.P., Cobra G.P.L.P., Cobra G.P., Inc., Lincolnshire Management, Inc.

Skadden, Arps, Slate, Meagher & Flom LLP by George A. Zimmerman, Michael H. Gruenglas, Gary L. Prior, New York, NY, for Liegl, Glon, Boessler.

McDermott, Will & Emery by John J. Calandra, James R. Pranger, New York, NY, for Powers and Crowe, Chizek and Company, LLP.

## *OPINION*

CEDARBAUM, District Judge.

This is an action arising out of the purchase of certain Indiana corporations. Plaintiffs assert claims under RICO in addition to common law claims of fraud and breach of contract. Defendants move, pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a), to dismiss this federal question action for improper venue, or, in the alternative, to transfer it to the Northern District of Indiana. All of the defendants reside in Indiana. The issue addressed by both sides is whether 28 U.S.C. § 1391(b)(1) limits venue to the federal district in which any defendant resides in a case in which all of the defendants reside in the same state. For the reasons that follow, defendants' motion is granted to transfer the action to the Northern District of Indiana.

28 U.S.C. § 1391(b), the general venue statute for federal question cases, provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, *if all defendants reside in the same State,* (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought (emphasis added).

*Canaday v. Koch,* 598 F.Supp. 1139 (E.D.N.Y.1984) held that when venue is proper in a district pursuant to 28 U.S.C.

Lowenthal, Landau, Fischer & Bring, P.C. by Kenneth G. Roberts, Andrew J. Lorin,

§ 1391(b)(1), venue does not lie elsewhere pursuant to 28 U.S.C. § 1391(b)(2). *See Canaday,* 598 F.Supp. at 1148. For the reasons set forth below, I adopt Judge Glasser's thoughtful and persuasive reasoning in *Canaday.*

The purpose of statutorily specified venue is to protect defendants against the risk that a plaintiff will select an unfair or inconvenient place of trial. *Leroy v. Great Western United Corp.,* 443 U.S. 173, 183–84, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). Accordingly, venue statutes should be construed narrowly, so as to prevent a plaintiff from simply selecting the place of trial which bests suits his or her convenience. *See Leroy,* 443 U.S. at 184.

Prior to 1966, under § 1391(b), venue was proper in federal question cases only in a defendant's state of residence. Act of June 25, 1948, ch. 646, 62 Stat. 869, 935 (1948). This old law created venue gaps. For example, in a case involving multiple defendants residing in different districts, no venue lay in federal court. *See Brunette Machine Works, Ltd. v. Kockum Indus., Inc.* 406 U.S. 706, 710 n. 8, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972).

The 1966 amendment to 28 U.S.C. § 1391 closed this type of venue gap by authorizing venue "in the judicial district where all defendants reside, or in which the claim arose." Pub.L. No. 89–714, § 1, 80 Stat. 1111 (1966); *see Brunette,* 406 U.S. at 710 n. 8 (purpose of the 1966 amendment was to close the venue gap). By a 1990 amendment, the language was changed from "in which the claim arose," to "in which a substantial part of the events or omissions giving rise to the claim occurred." Pub.L. No. 101–650, Tit. III, § 311, 104 Stat. 5089, 5114 (1990).

Courts in this Circuit have consistently held that the "claim arose" language inserted into the statute in 1966—and since amended to "in which a substantial part of the events ... occurred"—was *not* aimed at expanding venue generally, but was intended only to fill the venue gap discussed above. Under this view, if all the defendants reside in the same state, there is no venue gap to fill, and the portions of the venue statute that filled the historical gap by adding alternative places for trial do not come into play. *See Canaday,* 598 F.Supp. at 1148; *Welch Foods, Inc. v. Packer,* 1994 WL 665399 at *2 (W.D.N.Y. 1994); *Now Plastics, Inc. v. HPT Plastics, Inc.,* 1990 WL 301521 at *2 (S.D.N.Y.1990); *Gaymar Indus. v. Grant,* 1988 WL 129365 at *3 (W.D.N.Y.1988); *Southern Marine Research, Inc. v. Jetronic Indus.,* 590 F.Supp. 1192, 1194 (D.Conn.1984).

Plaintiffs argue that *Canaday* was wrongly decided, and that in a case in which all the defendants reside in the same state, 28 U.S.C. § 1391(b)(1) and § 1391(b)(2) provide two independent and alternative bases for venue from which a plaintiff may choose in its absolute discretion.

Courts which have adopted the interpretation urged by plaintiffs[1] ignore the narrow purpose of the 1966 amendment as explained in *Leroy.* *Leroy* notes that the 1966 amendment was designed to close the venue gaps that existed under earlier versions of the statute and teaches that "so long as the plain language of the statute does not open the severe type of 'venue gap' *that* the amendment giving plaintiffs the right to proceed in the district where the claim arose was designed to close, there is no reason to read it more broadly on behalf of plaintiffs." *Leroy,* 443 U.S. at 184, 184 n. 17.

While much of the analysis in *Leroy* concerned the now-superseded "claim arose" language, the Second Circuit has confirmed that *Leroy* remains an "important source[] of guidance" in interpreting 28 U.S.C. § 1391. *Bates v. C & S Adjusters, Inc.,* 980 F.2d 865, 867 (2d Cir.1992) This "guidance" includes the principle that "the purpose of the 1966 statute was to close venue gaps and [the

---

**1.** *See, e.g., Northern Kentucky Welfare Rights Ass'n v. Wilkinson,* 933 F.2d 1009, 1991 WL 86267 at *3 (6th Cir.1991) (unpublished decision); *Florida Nursing Home Ass'n v. Page,* 616 F.2d 1355, 1360–61 (5th Cir.1980), *cert. denied sub nom., Taylor v. Golden Isles Convalescent Center, Inc.,* 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980) *and reversed on other grounds sub nom., Florida Dept. Of Health and Rehabilitative Services v. Florida Nursing Home Ass'n,* 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981); *School Dist. Of Philadelphia v. Pennsylvania Milk Marketing Board,* 877 F.Supp. 245, 249 (E.D.Pa. 1995); *Merchants Nat'l Bank v. SafraBank,* 776 F.Supp. 538, 541 (D.Kansas 1991); *Reitnour v. Cochran,* 1987 WL 9774 at *1 (E.D.Pa.1987).

statute] *should not be read more broadly than necessary to close those gaps.*" *Bates* 980 F.2d at 867 (emphasis added).

The 1990 amendment to 28 U.S.C. § 1391 does not alter this analysis. In addition to broadening the "claim arose" language, the 1990 amendment added subsection three to 28 U.S.C. § 1391(b). The amended text makes this new subsection—28 U.S.C. § 1391(b)(3)—subordinate to the first two subsections by furnishing a new ground for venue only "if there is no district in which the action may otherwise be brought." Pub.L. No. 101–650, Tit. III, § 311, 104 Stat. 5089, 5114 (1990). Contrary to plaintiffs' assertions, the fact that Congress made 28 U.S.C. § 1391(b)(3) subordinate to the first two statutory subsections did not, and does not, alter the preexisting relationship between 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

Plaintiffs also read *Bates* as implying that 28 U.S.C. § 1391(b)(2) provides an alternative for venue without regard to 28 U.S.C. § 1391(b)(1) because the Court in *Bates* found venue proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b)(2) despite the fact that the only defendant did not reside in New York. Since neither party in *Bates* raised the issue of venue based on defendant's residence, the *Bates* court had no occasion to consider the relationship between 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2). *Cf. Webster v. Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1925) ("questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents"). Moreover, *Bates* reaffirms, as noted above, that the "purpose of the 1966 statute was to close venue gaps and should not be read more broadly than necessary to close those gaps." *Bates,* 980 F.2d at 867.

■ Viewed in the proper historical context, 28 U.S.C. § 1391(b) provides that in a case in which all defendants reside in the same state, venue lies only in that state, and, specifically, only in a district within that state in which one of the defendants resides. If, and only if, defendants do not all reside in the same state, then, and only then, venue lies in a district in which a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b)(1) and (2).

■ Finally, plaintiffs argue that venue lies in the Southern District of New York pursuant to 18 U.S.C. § 1965(a) (Pl. Mem. at 25–27). Plaintiffs argue that RICO defendants are "found" for venue purposes wherever they are subject to personal jurisdiction. *See* 18 U.S.C. § 1965(a) ("any civil action or proceeding under this chapter against any person may be instituted in the district court of the Unites States for any district in which such person resides, *is found,* has an agent, or transacts his affairs") (emphasis added). Plaintiffs cite no authority for this reading of the statute, and the authority in this Circuit does not support plaintiffs' position. *See, e.g., Welch,* 1994 WL 665399 at *2–*3 (finding venue improper under section 1965[a] although defendants were subject to personal jurisdiction in the district); *Now Plastics,* 1990 WL 301521 at *3 ("a corporate defendant is 'found' in a district for the purposes of [18 U.S.C. § 1965(a)] if its officers or agents regularly carry on the business of the corporation there").

■ In any event, the center of gravity of this suit is Indiana. All of the records pertaining to the disputed business of the corporations are in Indiana, as are the witnesses with knowledge of that business. Accordingly, the balance of convenience weighs heavily in favor of an Indiana forum. Even if subsections one and two of 28 U.S.C. § 1391(b) were treated as separate and independent grounds for venue, I would transfer this action to the Northern District of Indiana in the interest of justice.

For the foregoing reasons, defendants' motion is granted. This action is transferred to the Northern District of Indiana.

SO ORDERED.