**Henry HALL, Plaintiff,**

v.

**SOUTH ORANGE, Franklin Township, William Young, Detective Collum and John Does 1–10, Defendants.**

**No. 99 Civ. 3805(BDP).**

United States District Court, S.D. New York.

March 20, 2000.

Fred Lichtmacher, Cheda & Sheehan, Jackson Heights, NY, for plaintiff.

George Weinbaum, White Plains, NY, for defendants Union County and William Young.

Brian S. Sokoloff, Miranda & Sokoloff, L.L.P., New York City, for defendant Collum and Franklin Township.

Joseph V. Isabella, Gaccione Pomaco & Beck, Belleville, NJ, for defendant South Orange.

## MEMORANDUM DECISION AND ORDER

BARRINGTON D. PARKER, Jr.,
District Judge.

Plaintiff Henry Hall brings this action against defendants South Orange, Franklin Township, William Young, Detective Collum and certain unknown defendants asserting both New York state law claims of false imprisonment, battery, assault, and intentional infliction of emotional distress, and violations of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Before this Court are defendants' motions to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) or to transfer venue pursuant to either 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a). For the reasons set forth below, defendants' motion to transfer pursuant of § 1404(a) is granted.

## BACKGROUND[1]

This action arises out of the kidnaping of plaintiff Henry Hall ("Hall"), a resident of Kings County, New York, by defendant William Young ("Young"), a retired South Orange police officer and resident of New Jersey. On Sunday, May 24, 1998, while leaving the Hampden Inn in Elmsford, New York, Hall was abducted by Young who identified himself as a police officer and member of a New Jersey fugitive squad who was enforcing a New Jersey warrant for Hall's arrest. Plaintiff further alleges that Young produced documents purporting to be an outstanding warrant for Hall's arrest from Union City, New Jersey, and a criminal history report from the South Orange and/or Franklin Township Police Departments, both in New Jersey and both defendants in this action.

Young and an accomplice handcuffed the plaintiff, threw him into the back seat of their car, injuring his shoulder, and transported him to a warehouse in Newark, New Jersey, where he was bound and blindfolded with duct tape. At the warehouse, Young and his accomplice dragged plaintiff to a forklift and tied him to a roll bar with electrical cord. Plaintiff was left in the New Jersey warehouse for three hours, until the Newark police freed him. Defendant Young was convicted of the kidnaping in a criminal proceeding in this District.

The facts underlying plaintiff's claims against defendants Franklin Township Police Department, Detective Collum and the South Orange Police department are not stated in detail in the complaint and are somewhat unclear. Plaintiff essentially alleges that Young was improperly afforded access to New Jersey law enforcement resources. The complaint further alleges that the Township failed to properly train, supervise and discipline its police officers and that such failure, in part, caused the events referred to in the complaint.

## DISCUSSION

Defendants move to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue or, in the alternative, to transfer this action under either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). Transfer is warranted under § 1404(a) only if venue is proper in both the court transferring the action and the court to which the action is transferred. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Section 1406(a) applies where the court in which the action was filed lacks jurisdiction and must either dismiss or transfer the action to an appropriate forum. Section 1406(a) provides, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

---

1. The facts are taken primarily from the plaintiff's complaint.

Before deciding defendants motions, we must first determine whether jurisdiction is proper in this Court under the applicable general venue statute. That inquiry will determine whether the action should be dismissed or transferred under either 1404(a) or 1406(a).

I  Venue Statute

Because plaintiff brings claims under 42 U.S.C. § 1983 alleging violations of constitutional rights, subject matter jurisdiction exists under 28 U.S.C. § 1331 and supplemental jurisdiction exists under 28 U.S.C. § 1367. Consequently, the proper venue for this case is defined by 28 U.S.C. § 1391(b), which provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ..., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); *see also Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 866–67 (2d Cir.1992) (discussing legislative history and judicial interpretation of § 1391(b)); *Garrel v. NYLCare Health Plans, Inc.*, No. 98 Civ. 9077(BSJ), 1999 WL 459925, at *3 (§ 1391(b) governs § 1981 claim); *Goldenberg v. Lee*, No. 97 Civ. 5297(RJD), 1999 WL 390611, at *4 (E.D.N.Y. Apr.15, 1999) (venue transferred under § 1391(b)(1) to

Central District of California, where defendant resides); *Cobra Partners L.P. v. Liegl*, 990 F.Supp. 332, 333–34 (S.D.N.Y. 1998) (granting transfer under § 1391(b)(1)); *McDonald v. General Accident Ins. Co.*, No. 96 Civ. 326, 1996 WL 590722, at *2 (N.D.N.Y. Oct.7, 1996) (§ 1391(b) governs venue for claims under § 1983); *Jennings v. University of North Carolina*, No. 98 C 5261, 1999 WL 301669, at *1–2 (N.D.Ill. Apr. 30, 1999).

Here, both the individual defendants and the defendant municipalities are New Jersey residents. *See* 28 U.S.C. § 1391(c) ("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."). Defendants argue that the analysis ends there, that venue does not and could not lie in this Court, and that under § 1391(b)(1), only a District Court in New Jersey would be an appropriate forum for this action. Thus, they urge this Court to dismiss the action pursuant to 12(b)(3) or to transfer pursuant to 1406(a).

Plaintiff argues, however, that the Southern District of New York is an appropriate forum because a substantial part of the events giving rise to his claims occurred here, satisfying § 1391(b)(2). He advances the proposition that (b)(2) offers an alternative and independent basis for jurisdiction.

There is a split among courts concerning how to interpret and apply the subsections of § 1391(b).[2] The dispute is over whether (b)(1) and (b)(2) provide two independent

---

**2.** This split among courts also applies to the nearly identical language found in 28 U.S.C. § 1391(a), the venue statute which governs actions in which jurisdiction is based solely on diversity. *See, e.g., Gregory v. Pocono Grow Fertilizer Corp.*, 35 F.Supp.2d 295, 297–99 (W.D.N.Y.1999); *Dashman v. Peter Letterese and Assocs.*, 999 F.Supp. 553, 553–55 (S.D.N.Y.1998). Section in § 1391(a) states:
> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be

brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

and alternative bases for venue or whether subsection (b)(2) can be used to establish venue only if subsection (b)(1) does not apply. *Compare, e.g., Gregory v. Pocono Grow Fertilizer Corp.,* 35 F.Supp.2d 295, 297–99 (W.D.N.Y.1999), *and School Dist. Of Philadelphia v. Pennsylvania Milk Marketing Board,* 877 F.Supp. 245, 249 (E.D.Pa.1995), *with, e.g., Dashman v. Peter Letterese & Assocs.,* 999 F.Supp. 553, 553–55 (S.D.N.Y.1998), *Cobra Partners,* 990 F.Supp. at 334, *and Welch Foods, Inc. v. Packer,* No. 93–CV–0811E(F), 1994 WL 665399 (W.D.N.Y. Nov.22, 1994). One court characterized the quandary as whether the two subsections should be read conjunctively or disjunctively. *See School Dist. Of Philadelphia,* 877 F.Supp. at 249.

There is some authority that (b)(1) and (b)(2) should be read disjunctively or hierarchically, meaning that when venue is proper in a particular district pursuant to subsection (b)(1) because all the defendants reside in the same state, venue does not lie elsewhere pursuant to subsection (b)(2). *See Cobra Partners,* 990 F.Supp. at 334; *Welch Foods,* 1994 WL 665399, at *2. This conclusion is based on an examination of the statute's legislative history and the reasoning found in the Supreme Court de-

cision *Leroy v. Great Western United Corp.,* 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). *See Cobra Partners,* 990 F.Supp. at 334. These courts have argued that the purpose of amendments to the statute was to close certain "venue gaps," not to greatly expand the venue provisions. *See, e.g., Id.*[3] They reason that if (b)(1) is satisfied, there is no venue gap and a plaintiff cannot rely on (b)(2) as an alternative basis of jurisdiction. *Welch,* 1994 WL 665399, at *2. Judge Cedarbaum concluded in *Cobra Partners, supra:*

> Viewed in the proper historical context, § 28 U.S.C. 1391(b) provides that in a case in which all defendants reside in the same state, venue lies only in that state, and, specifically, only in a district within that state in which one of the defendants resides. If, and only if, defendants do not all reside in the same state, then, and only then, venue lies in a district in which a substantial part of the events or omissions giving rise to the claim occurred. See § 28 U.S.C. 1391(b)(1) and (2).

*Id.* at 335.

We decline to adopt this reasoning and instead join courts who endorse the

---

**3.** Judge Cedarbaum wrote:

Prior to 1966, under § 1391(b), venue was proper in federal question cases only in a defendant's state of residence. Act of June 25, 1948, ch. 646, 62 Stat. 869, 935 (1948). This old law created venue gaps. For example, in a case involving multiple defendants residing in different districts, no venue lay in federal court. *See Brunette Machine Works, Ltd. v. Kockum Indus., Inc.,* 406 U.S. 706, 710 n. 8, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972).

The 1966 amendment to § 28 U.S.C. 1391 closed this type of venue gap by authorizing venue "in the judicial district where all defendants reside, or in which the claim arose." Pub.L. No. 89–714, § 1, 80 Stat. 1111 (1966); *see Brunette,* 406 U.S. at 710 n. 8, 92 S.Ct. 1936 (purpose of the 1966 amendment was to close the venue gap). By a 1990 amendment, the language was changed from "in which the claim arose," to "in which a substantial part of the events or omissions giving rise to the claim occurred." Pub.L. No. 101–650, Tit. III, § 311, 104 Stat. 5089, 5114 (1990).

Courts in this Circuit have consistently held that the "claim arose" language inserted into the statute in 1966—and since amended to "in which a substantial part of the events ... occurred"—was not aimed at expanding venue generally, but was intended only to fill the venue gap discussed above. Under this view, if all the defendants reside in the same state, there is no venue gap to fill, and the portions of the venue statute that filled the historical gap by adding alternative places for trial do not come into play. *See Canaday,* 598 F.Supp. at 1148; *Welch Foods, Inc. v. Packer,* 1994 WL 665399 at *2 (W.D.N.Y.1994); *Now Plastics, Inc. v. HPT Plastics, Inc.,* 1990 WL 301521 at *2 (S.D.N.Y.1990); *Gaymar Indus. v. Grant,* 1988 WL 129365 at *3 (W.D.N.Y. 1988); *Southern Marine Research, Inc. v. Jetronic Indus.,* 590 F.Supp. 1192, 1194 (D.Conn.1984).

*Cobra Partners,* 990 F.Supp. at 334.

"alternative" view. Courts rejecting the hierarchical interpretation primarily have focused on the plain language of the statute. *See Gregory,* 35 F.Supp.2d at 298 (statutory language "clearly provides for alternative bases for venue"); *Market Transition Facility v. Twena,* 941 F.Supp. 462, 465 (D.N.J.1996) ("[T]he plain language of § 1391(a) indicates that venue . . . is proper, regardless of circumstances, in either a district within the state where all defendants reside or in a district where a substantial part of the events or omissions giving rise to the claim occurred. There is nothing on the face of the statute to support [the] interpretation that venue must be in a district where a defendant resides, when all defendants reside in the same state."); *School Dist. of Philadelphia,* 877 F.Supp. at 249 ("[W]e find that even though venue would be appropriate in the Middle District based on (b)(1), it can also be proper here if the requirements of (b)(2) are met."); *accord Merchants Nat'l Bank v. Safrabank,* 776 F.Supp. 538, 541 (D.Kan.1991). The statute clearly offers two possibilities for an appropriate venue. If Congress had intended to make (b)(2) available only if (b)(1) could not be satisfied, presumably language indicating this limitation would have been included in the statute. It was not. *See Gregory,* 35 F.Supp.2d at 298.

Furthermore, a leading commentator has endorsed the "alternative" view of § 1391(b) subsections. "The provision for residential venue, in paragraph (1) of subdivisions (a) and (b), and the provision for transactional venue in paragraph (2) of those subdivisions, are in the alternative. Venue is proper if either one of those conditions is met." 15 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 3804 (2d ed. Supp.1999); *see also Gregory,* 35 F.Supp.2d at 298 (citing 15 Charles A. Wright, Arthur R. Miller & Edward E. Cooper § 3804, at 16 (2d ed. Supp.1998)).

■ Accordingly, under this "alternative" view, venue is proper in this district under (b)(2) because the abduction of Hall by Young—a substantial part of events giving rise to his claims—occurred in the Southern District of New York. *See Bates,* 980 F.2d at 868 (Under § 1391(b)(2) court does not have to determine the best venue, but "only whether a substantial part of the events giving rise to the claim" occurred in a particular district); *Neufeld v. Neufeld,* 910 F.Supp. 977, 986 (S.D.N.Y.1996) ("This provision does not require that plaintiffs establish that [a district] has the most substantial contacts to the dispute; rather it is sufficient that a substantial part of the events occurred [there], even if a greater part of the events occurred elsewhere."). Having determined that venue is proper here, defendant's motion to dismiss for improper venue is denied.

## II  Transfer of Venue

■ As this case demonstrates, the "alternative" reading of § 1391(b) often results in there being more than one appropriate forum for a case. A district court in New Jersey would be a proper venue and would satisfy both sections (b)(1) and (b)(2). Defendants move to transfer venue pursuant to 1406(a) or in the alternative pursuant to 1404(a). We find that, although this Court has jurisdiction, this action should be transferred in the interests of justice pursuant to § 1404(a).

■ 28 U.S.C. § 1404(a) permits the Court in its discretion to transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice." Section 1404(a) serves to " 'prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.' " *Pianelli v. Hershey,* No. 99 Civ. 64(FJS)(GJD), 2000 WL 98098, at *4 (N.D.N.Y. Jan. 28, 2000) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). "[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga*

*Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)); *see also A. Olinick & Sons v. Dempster Brothers, Inc.*, 365 F.2d 439 (2d Cir.1966) (stating that appellate courts have a strong reluctance "to interfere with the District Court's exercise of its discretion under" § 1404(a)).

■ "Section 1404(a) is concerned with both private interest factors affecting the convenience of the litigants and public interest factors affecting the convenience of the forum." *Garrel*, 1999 WL 459925, at *6 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (internal quotations omitted)). The factors for evaluating a motion for transfer include: (1) the convenience to parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer. *Dollinger v. State Insurance Fund*, No. 98 Civ. 0173(AGS), 1998 WL 321442, at *2 (S.D.N.Y. June 18, 1998) (citing *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y.1967)); *see also Totonelly v. Cardiology Associates of Corpus Christi, Inc.*, 932 F.Supp. 621, 623 (S.D.N.Y.1996) ("The core determination under § 1404(a) is the center of gravity of the litigation.... Courts routinely transfer cases where the principal events occurred, and the principal witnesses are located in another district.") (citations omitted). "The burden of demonstrating the desirability of transfer lies with the moving party, and in considering the motion for transfer, a court should not disturb a plaintiff's choice of forum unless the defendant makes a clear and convincing showing that the balance of convenience favors the defendant's choice." *Student Advantage, Inc. v. CollegeClub.Com*, No. 99 Civ. 8604(JSR), 1999 WL 1095601, at 3 (Dec. 3, 1999) (internal quotations omitted). Defendants have met their burden.

■ Hall argues that this action should remain here because a plaintiff's choice of forum generally should not be disturbed and because a substantial part of the events giving rise to his claims occurred in this District since he was abducted here. First, Hall resides in the Eastern, not the Southern District of New York. "The case law recognizes that a plaintiff's choice of forum is accorded less weight ... when that forum is 'neither the [plaintiff's] home nor the place where the operative facts of the action occurred.' " *Hill v. Golden Corral Corp.*, No. 98 Civ. 9872(JG), 1999 WL 342251, at *3 (E.D.N.Y. May 21, 1999) (quoting *Dwyer v. General Motors Corp.*, 853 F.Supp. 690, 695 (S.D.N.Y.1994)); *see also American Alliance Ins. Co. v. Sunbeam Corp.*, No. 98 Civ. 4703, 1999 WL 38183, at *9 (S.D.N.Y. Jan.28, 1999) ("[P]laintiff's choice of forum is ordinarily entitled to substantial deference, unless the forum is neither its home forum nor the locus of operative facts.").

Second, although some events giving rise to plaintiff's claims occurred in the Southern District, a substantial part of the events also occurred in Newark, New Jersey, where plaintiff was tied up in a warehouse for several hours. The majority of events giving rise to the federal claims occurred in New Jersey and the bulk of discovery will have to occur there. Plaintiff's § 1983 claim against detective Collum is based on allegations that Collum improperly allowed Young to use or see resources located in the police department in Franklin Township, New Jersey. Similarly, plaintiff asserts a *Monell* claim against the municipal defendants alleging, *inter alia*, that they failed to implement constitutional policies or to properly discipline or train police officers under their control, resulting in violations of plaintiff's rights.

*See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding that local government units may be sued pursuant to § 42 U.S.C.1983). Any policy decisions, acts or omissions by the municipalities or their agents resulting in any constitutional violations of plaintiff's rights, apparently took place in New Jersey.

Plaintiff concedes that many of the witnesses in this case reside in New Jersey. Even for those witnesses located in New York, including plaintiff, traveling to New Jersey will pose little inconvenience. This Court has carefully considered plaintiff's other arguments opposing transfer of venue and reject them. The relative ease of access to all sources of proof weighs heavily in favor of transferring this case to New Jersey.

### CONCLUSION

For the reasons stated above defendants' motion to transfer this action pursuant to 28 U.S.C. § 1404(a) is granted. The Clerk of the Court is ordered to transfer this action to the District of New Jersey.

**SO ORDERED.**