Ann ROBINSON, Plaintiff,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION (Amtrak),
Defendant.

No. 14 Civ. 922(BMC).

United States District Court,
E.D. New York.

Signed April 23, 2014.

Robert P. Rovegno, Rovegno & Taylor, P.C., Great Neck, NY, for Plaintiff.

Ronald E. Joseph, Elliot Dov Buckman, Landman Corsi Ballaine & Ford PC, New York, NY, for Defendant.

### MEMORANDUM DECISION AND ORDER

COGAN, District Judge.

This is a slip-and-fall case brought against Amtrak (formally, the National Railroad Passenger Corporation) in the Queens County Supreme Court. The incident occurred in Wilson, North Carolina. Amtrak removed the case to this Court, basing jurisdiction on 28 U.S.C. §§ 1331, 1349, in that more than one-half of its stock is owned by the United States, and thus the action is deemed to arise under federal law. *See Hollus v. Amtrak Northeast Corridor,* 937 F.Supp. 1110 (D.N.J. 1996), *aff'd,* 118 F.3d 1575 (3d Cir.1997) (table). Amtrak has moved to transfer the case to North Carolina pursuant to 28 U.S.C. § 1404(a).

It is unclear, and plaintiff has not explained it in opposing Amtrak's motion, why plaintiff brought this action in the Queens County Supreme Court. She is a New Jersey resident, not a New Yorker, and the case has no connection to Queens County. Her state court complaint asserted venue under New York Civil Practice Rules § 503, but it is doubtful that Queens

County was a proper venue under that statute. It provides that venue may be based on a corporation's residence, but the residence of a corporation is deemed to be that county within the state "in which its principal office is located." Although Amtrak has some facilities in Long Island City, within Queens County, it is common knowledge that its principal office in New York state is at Pennsylvania Station in the Borough of Manhattan.

It is equally unclear, and, again, plaintiff has not explained it in opposing Amtrak's motion, why she brought this case in New York state at all, since she does not live here and the accident did not happen here. Presumably, whatever basis she had for asserting personal jurisdiction over Amtrak in New York—and, although Amtrak has not raised it, it is not entirely clear that there is such a basis in light of *Daimler AG v. Bauman*, —— U.S. ——, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014)—there is an equally viable basis for personal jurisdiction in New Jersey, where Amtrak also maintains facilities and does quite a bit of business. *See* http://www.amtrak.com/northeast-train-bus-stations (last visited 4/19/14). There seems no reason why plaintiff could not have brought this case in New Jersey, where it would be more convenient for her and no less convenient for Amtrak, on the same basis that she brought it here. Just as inexplicably, in opposing Amtrak's transfer motion, she has not proposed as an alternative that, if this Court is inclined to transfer the case, it should be transferred to New Jersey, although this was discussed at the premotion conference. She appears content with insisting on her strange choice of a New York forum or, if the Court does not accept that, having the case transferred to North Carolina.

Of course, the case is properly venued in this district as an initial matter, even if it could not have been originally brought here, as Amtrak had no choice once it decided to remove but to remove the case to the federal district encompassing Queens County. *See* 28 U.S.C. § 1441(a). And it remains Amtrak's burden to show cause why the case should be transferred. *See e.g., National Utility Serv., Inc. v. Queens Grp., Inc.,* 857 F.Supp. 237 (E.D.N.Y.1994). Nevertheless, Congress has recently confirmed that § 1404(a) is fully applicable to removed actions. *See* 28 U.S.C. § 1390(c).

The facts leave the case in a peculiar posture for purposes of determining a § 1404(a) motion. None of the cases the parties cite naming Amtrak are helpful, because they all involve, as one would expect, plaintiffs who sued either in their home forum, or where the accident occurred, or at least in Washington, D.C., where Amtrak has its principal offices. It is hard to avoid the conclusion that unlike the usual meticulous balancing of convenience factors that courts typically undertake under 28 U.S.C. § 1404(a), the absence of any reason at all for the case to be in this district is itself a weighty factor in favor of transferring the case to the *loci delecti commissi*. The disconnection between this forum and the dispute, coupled with the occurrence of the accident in another district, at least satisfies Amtrak's obligation to present a *prima facie* case for transfer.

 Plaintiff's choice of forum is entitled to little deference, both because she did not choose this forum but more importantly because she is not a resident of the district or the state and has no relationship with either of them. "Where the forum is not the plaintiff's home district ... the plaintiff's choice of forum is given less deference. This is true even when the plaintiff's home district is adjacent to the forum." *Nabisco, Inc. v. Brach's Confec-*

*tions, Inc.,* No. 00–cv–5875, 2000 WL 1677935, at *4 (S.D.N.Y. Nov. 8, 2000) (citing *Hall v. South Orange,* 89 F.Supp.2d 488, 494 (S.D.N.Y.2000). "The emphasis that a court places on plaintiff's choice of forum diminishes where ... the facts giving rise to the litigation bear little material connection to the chosen forum." *Pilot Corp. v. U.S. Robotics, Inc.,* No. 96–cv–5483, 1997 WL 47790, at *2 (S.D.N.Y. Feb. 6, 1997), quoting, *Fontana v. E.A.R., a Division of Cabot Corp., Inc.,* 849 F.Supp. 212, 215 (S.D.N.Y.1994) (internal quotations omitted)).

Plaintiff's other reasons for opposing transfer are skimpy. First, she contends that her hospital and its personnel are in Patterson, New Jersey, her treating physician works in Wayne, New Jersey and it is therefore easier for them to come to Brooklyn for deposition and/or trial than North Carolina. She gives no indication, certainly not an affidavit from her doctor or anyone at the hospital, that her medical professionals are willing to take the 1½ hour trip to Brooklyn (in light traffic, which is not the norm), and while they are within the subpoena power of this Court, *see* Fed.R.Civ.P. 45(c), I would have to be hard pressed to make a physician take that trip when plaintiff has given no reason for the case to be here. If her New Jersey health care providers are willing to voluntarily travel to Brooklyn, plaintiff has given me no indication that their willingness stops at the extra 3½ or so hours it take to fly to North Carolina. It thus seems likely that maintaining this case in this district will require the use of recorded testimony taken in another district either for deposition or trial or both.

That is even more likely the case with regard to Amtrak's witnesses. Plaintiff discloses she is aware of only one witness involved in the incident, who Amtrak says lives and works in the Baltimore–Washington, D.C. area. He was the conductor on the train and travels to North Carolina regularly. But Amtrak also identifies other train personnel as potential witnesses, at least as to train maintenance issues, all of whom live and work in either North Carolina, or the Washington, D.C. area, the latter currently traveling regularly to North Carolina as part of their jobs. Of course, these are all company witnesses and I could require Amtrak to bring them to Brooklyn at least for deposition. But this would still leave the problem of using recorded testimony for trial, or it would compel Amtrak, in order to avoid that, to voluntarily bring them to trial in Brooklyn. Again, plaintiff has given me no good reason why I would do that.

Plaintiff also does not mention the fact that her sister, who she was visiting at the time she fell, resides in North Carolina. She is a likely witness, at least for deposition on the issue of damages, and both sides are going to have to go to North Carolina for her deposition unless plaintiff brings her to Brooklyn. Amtrak further points out, and plaintiff does not dispute, that a site inspection of the accident location may be necessary.

As can be seen from this summary, not a single one of these witnesses or any of the events at issue have any connection with Brooklyn or the state of New York. Under plaintiff's scenario, everyone—presumably, including plaintiff—has to travel to Brooklyn either for deposition or trial or both. Plaintiff's only answer to this is that as a senior citizen on social security, she will not be able to finance the case if it is transferred to North Carolina. This rings hollow from someone who for undisclosed reasons has elected not to bring the case in New Jersey, or to even request its alternative transfer there, and it ignores the substantial sums that will be involved in financing witness travel to Brooklyn.

(If I did require Amtrak to bring multiple employees to Brooklyn for deposition, I would likely require plaintiff to pay for that in exchange for her lawyer not having to travel to other places.) Moreover, "[n]either plaintiff's financial condition, nor the fact that she and her treating physicians are" located near—but not within—this forum, "outweighs the pervasive connections between this litigation" and North Carolina. *Coultman v. National Railroad Passenger Corp.*, 857 F.Supp. 231, 237 (E.D.N.Y.1994).

More fundamentally, I am not so naïve as to think that plaintiff is going to finance this case. It is an almost universal practice for personal injury lawyers to advance litigation costs, recouping them out of their client's recovery if there is one. Without having been shown that this is some special case where this is not occurring (and which would leave unexplained how plaintiff's limited resources would finance bringing doctors and lay witnesses to Brooklyn from both afar and not-so-near), it seems clear that what is really at issue is whether plaintiff uses a New York or a North Carolina lawyer to represent her and advance costs in her personal injury case. *Cf. Murray v. British Broadcasting Corp.*, 81 F.3d 287, 292–93 (2d Cir.1996) (claim of potential financial hardship stemming from lack of availability of contingent fee arrangement in transferee forum should be considered as part of balance of convenience analysis on *forum non conveniens* motion). Plaintiff (or, more precisely, her attorney, because it is not far-fetched to conclude that it is lawyer rather than client interests that are driving plaintiff's unusual posture on this motion and in this case) cannot plead poverty as a ground to oppose transfer without addressing this near-universal practice in personal injury cases.

When I throw into the mix both parties' agreement that North Carolina law will govern this case, *see Kreisner v. Hilton Hotel Corp.*, 468 F.Supp. 176, 179 (E.D.N.Y.1976), and the general rule that forum selection should not consider the location of counsel's offices in the absence of other reasons for a particular forum, *see Haase v. Mallenkrodt, Inc.*, 415 F.Supp. 889, 890 (S.D.N.Y.1976), the result is even more apparent.

█ North Carolina is clearly a forum where this action could be brought and thus satisfies the threshold requirement of § 1404(a). That is because specific jurisdiction is conferred by N.C. Gen.Stat. § 1–75.4(3), as the allegedly tortious conduct and injury occurred there, and thus any question of general jurisdiction under *Daimler AG*, which might have to be dealt with in either New York or New Jersey (although, in fairness, it appears that Amtrak did not raise that defense for some reason, and it would have to amend its answer) would pose no impediment. More importantly, there is not a single factor that suggests that the case should be in this district, and the overwhelming weight of factors points to North Carolina.

I might have transferred this action to the District of New Jersey had plaintiff presented a good argument that it was more convenient than North Carolina. But I cannot speculate that New Jersey might be a preferable forum when neither party is asserting it. Amtrak's motion [16] is therefore granted and the Clerk is directed to transfer the case to the District of North Carolina following expiration of the seven-day waiting period under Local Civil Rule 83.1.

**SO ORDERED.**